IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

DEQUARIUS FOSTER,

Defendant.                                                  No. 10-30045-DRH

## ORDER

**HERNDON, Chief Judge:**

Before the Court is a Motion to Continue (Doc. 14) filed by Defendant Dequarius Foster. Defendant requests that the trial currently scheduled for May 10, 2010 be continued for at least forty-five (45) days as Defendant recently received supplementary discovery from the Government and his counsel has not yet had an opportunity to review the materials and prepare for trial. Further, Defendant submits that he also plans to engage in plea negotiations with the Government. The Government does not object to the continuance. Based on the reasons in the motion, the Court finds that the trial should be continued in order to allow Defendant adequate time to prepare for trial. Further, the Court finds that the trial should also be continued in order to allow Defendant time to pursue a plea agreement through negotiations with the Government. Further, the Court finds pursuant to **18 U.S.C. § 3161(h)(7)(A),** the ends of justice served by the granting of such a continuance outweigh the best interests of the public and Defendant in a speedy trial. To force a Defendant to trial without adequate time to prepare would constitute a miscarriage

of justice.  Further, to force a Defendant to trial on a case that appears to have great potential to resolve amicably would also constitute a miscarriage of justice.

Accordingly, the Court **GRANTS** Defendant's Motion to Continue (Doc. 14).  The Court **CONTINUES** the trial currently scheduled for May 10, 2010 until **July 6, 2010 at 9:00 a.m.**  The time from the date the motion was filed, April 26, 2010, until the date on which the trial is rescheduled, July 6, 2010, is excludable for purposes of a speedy trial.

In continuing this trial, the Court also notes that Defendant was previously given twenty-one (21) days from the date of his arraignment in which to file pre-trial motions and complete discovery.  According to a recent Supreme Court decision, *Bloate v. United States*, **No. 08-728, – S. Ct. –, 2010 WL 7576600, at * 11 (2010)**, delays resulting from pre-trial motion preparation is not automatically excludable under **18 U.S.C. § 3161 (h)(1)**, but requires case-specific findings under **18 U.S.C. § 3161(h)(7)**.  *See Bloate*, **2010 WL 757660, at * 5**.  In light of the recent decision, the Court finds that the time granted to Defendant for preparation of pretrial motions and discovery was also excludable under **18 U.S.C. § 3161(h)(7)(A)** as the ends of justice served by the granting of such a continuance outweighed the best interests of the public and Defendant in a speedy trial.  To force a Defendant to trial without adequate time to prepare would have constituted a miscarriage of justice.  Therefore, for purposes of the Order issued March 26, 2010, granting Defendant twenty-one (21) days in which to complete discovery and file pre-

trial motions (Doc. 10), the Court notes that the time from the arraignment, March 26, 2010, until the date on which the twenty-one days expired, April 16, 2010, is excludable time for the purposes of speedy trial.

Should either party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 27th day of April, 2010.

/s/ David R Herndon

**Chief Judge
United States District Court**